UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| JOANNE MARIE RIEBEL,<br>ex rel Darlene Sammarco,<br><br>　　　　　Petitioners,<br>　v.<br><br>Director MICHAEL BELZER, and<br>HENNEPIN COUNTY MEDICAL CENTER,<br><br>　　　　　Respondents. | Civil No. 07-2175 (MJD/JSM)<br><br><br>**REPORT AND RECOMMENDATION** |

　　　　The above-entitled matter is before the undersigned Magistrate Judge of the District Court on Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1.  As discussed more fully below, the Court finds that Petitioner's habeas corpus petition cannot be entertained at this time, because she has not exhausted her available state court remedies.  The Court will therefore recommend that this action be summarily dismissed without prejudice, pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

**I. BACKGROUND**

　　　　The present habeas corpus petition was filed by Darlene C. Sammarco, who purportedly is the mother of the named Petitioner, Joanne Marie Riebel.  Based on the

---

　　[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

submissions of record, it appears that Petitioner has a long history of mental illness.[2] It further appears that Petitioner has been residing for the past several years at a place called "Andrews Residence," which presumably is some type of assisted living facility.

Several weeks ago, Petitioner allegedly became upset with some other residents at Andrews Residence, and started talking about killing people. As a result, civil commitment proceedings were brought against Petitioner under Minnesota state law. On April 23, 2007, a state court judge ordered that Petitioner be held at the Hennepin County Medical Center pending further proceedings. A preliminary hearing on Petitioner's continuing confinement was scheduled for April 26, 2007, and a formal "Commitment Hearing" was scheduled for May 3, 2007. (Petitioner's Exhibits, [Docket No. 4].)

The present habeas corpus petition is dated May 3, 2007, and it apparently was prepared before the completion of the "Commitment Hearing" set for that date. The petition indicates that as of May 3, 2007, Petitioner was still being held at the Hennepin County Medical Center, and it seeks an order that would cause Petitioner to "be released from false imprisonment" at that facility. (Petition, [Docket No. 1], p. 10.)

For the reasons discussed below, the Court concludes that this action cannot be entertained at this time.

---

[2] The Court notes that several prior actions involving Petitioner have been brought in this District, including two habeas corpus actions that were filed in 2000 and 2002 – Riebel v. Mitchell, No. 00-2153 (MJD/JGL) and Riebel v. Mitchell, No. 02-356 (MJD/JGL). The records in those two prior cases confirm Petitioner's history of mental illness.

The Court further notes that the latter of those two cases, (No. 02-356), was summarily dismissed based on a determination that Darlene Sammarco lacked the legal capacity to file a habeas corpus petition on Petitioner's behalf. The Court finds no need to consider Sammarco's legal capacity to bring the present action, because the action cannot be brought by anyone at this time, for the reasons discussed hereafter.

## II. DISCUSSION

It is well-established that a federal court cannot entertain a petition for a writ of habeas corpus on behalf of a person in state custody, unless the petitioner has first exhausted all available state court remedies.  28 U.S.C. § 2254(b); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); Rose v. Lundy, 455 U.S. 509 (1982).  This exhaustion of state remedies requirement is based on the principles of comity and federalism; its purpose is to ensure that state courts are given the first opportunity to correct alleged federal constitutional errors raised by state detainees.  Baldwin v. Reese, 541 U.S. 27, 29 (2004); O'Sullivan, 526 U.S. at 844; Duncan v. Henry, 513 U.S. 364, 365-66 (1995) (per curiam); Rose v. Lundy, 455 U.S. at 518-19.

To exhaust his or her state court remedies, a habeas petitioner must fairly present his or her federal constitutional claims to the highest available state court before seeking relief in federal court.  O'Sullivan, 526 U.S. at 845; Duncan, 513 U.S. at 365-66.  See also McCall v. Benson, 114 F.3d 754, 757 (8th Cir. 1997) ("before we may reach the merits of a habeas petition, we must first determine whether the petitioner has fairly presented his federal constitutional claims to the state court").  Furthermore, the exhaustion requirement is not satisfied unless the habeas petitioner has raised all of his or her claims at every available level of the state court appeal process – including, in Petitioner's case, the Minnesota Supreme Court.  See O'Sullivan, 526 U.S. at 845 ("[b]ecause the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts,... state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process").

In this case, it is readily apparent that Petitioner's state court remedies have not been exhausted. In fact, it appears that Petitioner's federal habeas corpus petition was prepared before there was even a final state court order causing her to be civilly committed and confined. The validity of Petitioner's current confinement, (assuming that a final civil commitment order was entered, and that Petitioner is currently in custody), certainly has not been reviewed by any Minnesota appellate court. Thus, there obviously are state court remedies still available to Petitioner, which have not yet been exhausted.

Because the exhaustion of state court remedies requirement has not been satisfied, the Court will recommend that this action be summarily dismissed pursuant to Rule 4 of The Rules Governing Section 2254 Cases. The Court will recommend that the action be dismissed without prejudice, so that Petitioner's claims for relief can be brought back to federal court, if necessary, after all such claims have been fairly presented to, and decided on the merits by, the Minnesota state courts – including the Minnesota Supreme Court. See Kelly v. Trickey, 844 F.2d 557, 559 (8th Cir. 1988).

### III. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Petitioner's application for a writ of habeas corpus, (Docket No. 1), be summarily **DENIED**; and

2. This action be **DISMISSED WITHOUT PREJUDICE**.

Dated: May 9, 2007

*s/ Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge

Under D. Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by May 29, 2007, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.